**ORIGINAL**

# In the United States Court of Federal Claims

**FILED**

MAY 9 2014

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| STACY ALLEN TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14-393C |
| v. ) | (Filed: May 9, 2014) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING CASE <u>SUA SPONTE</u>

On May 8, 2014, plaintiff Stacy Allen Taylor, proceeding pro se, and requesting leave to proceed in forma pauperis, filed a handwritten complaint, naming as defendants the United States, the C.I.A., retired Judge Jennifer Coffman of the United States District Court for the Western District of Kentucky, the Western District of Kentucky offices of the U.S. Attorney, the U.S. Marshals Service, and the F.B.I., and the Washington, D.C., offices of the F.B.I. and the Secret Service. Mr. Taylor alleges, among many other things, that he entered an agreement "to Assist the U.S. C.I.A. Agents . . . in collecting information and assets from the I.R.A. (Irish Republican Army) . . . in exchange . . . [for] witness protection . . . and full immunity from any prosecution." Compl. 2. He also alleges that a number of corrupt C.I.A. agents have committed treason and were involved in several acts of terrorism in recent years, including the Boston Marathon bombing, the attacks on the U.S. consulate in Benghazi, and others. See id. at 5. He further alleges that he reported information to defendants that could have prevented these acts of terrorism, but "[t]he Defendants did not respond." Id. References are also made to the alleged sale of nuclear warheads to Iran by Russia. Id. at 2. He asks "the court to simply uphold the Law, and let the truth be heard" and to enforce an alleged agreement with the C.I.A., under which he is entitled to "monthly payments . . . until the plaintiff is safe." Id. at 6.

The Court will grant Mr. Taylor's application to proceed in forma pauperis for the limited purpose of dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, in proceedings in forma pauperis, a court is given authority to "dismiss the case at any time if the court determines that . . . the action is frivolous or malicious." As the Supreme Court has observed, "the statute accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including "claims describing fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S.

319, 328 (1989).  See also Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

The Court finds that the factual allegations and claims in Mr. Taylor's complaint are "frivolous" within the meaning of section 1915(e)(2) because they describe what are clearly "fantastic or delusional scenarios." Therefore, the complaint is hereby **DISMISSED** with prejudice.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge